UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REKWANE SHEVELL WAGNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22 CV 890 JMB |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner ReKwane Shevell Wagner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.      Procedural Background**

On June 27, 2022, Petitioner pled guilty to one count of second-degree domestic assault. He was sentenced that same day to a four-year term of incarnation; however, that term was suspended, and he was placed on probation for a term of three years (Doc. 12-1, p. 1-2; Doc. 12-2).  He did not appeal his conviction and sentence and has not sought any post-conviction relief from the state courts.  On August 25, 2022, Petitioner filed the pending petition asserting that he was denied the right to a speedy trial and that trial counsel was ineffective.  Respondent filed a response arguing that the petition must be dismissed without prejudice because Petitioner failed to exhaust state court remedies (Doc. 12).  Petitioner has not filed a reply.

---

[1] At the time the petition was filed, Petitioner was confined at the St. Louis County Justice Center.  Subsequent mail from Petitioner to the Clerk of Court was mailed from a home address in St. Louis, Missouri.  However, mail sent to that address was returned to the Clerk of Court as undeliverable.  Petitioner has not provided an updated address and Clerk of Court has been unable to verify a new address.

## II.     Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if a state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005).  A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406.

However, prior to seeking habeas corpus relief in federal court, Petitioner must "fairly present" his claims to the state courts. Deck v. Jennings, 978 F.3d 578, 581 (8th Cir. 2020); Murphy v. King, 652 F.3d 845, 848-849 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").  Exhaustion requires "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Claims raised in federal court that have not been presented in state court

and for which there are no remaining state remedies are procedurally defaulted and should not be considered further.  Dansby v. Payne, No. 19-3006 (8th Cir. 2022); Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020).[2]  Such procedurally defaulted claims may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e. actual innocence).  Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman v. Thompson, 501 U.S. 772, 750 (1991); Morgan v. Javois, 744 F.3d 535, 538-539 (8th Cir. 2013).

In Missouri, a criminal defendant may file a direct appeal of his conviction and sentence by filing a notice of appeal with the trial court within 10 days of a final judgment.  Missouri Supreme Court Rule 30.01 and 81.04(a).  Once a direct appeal has been concluded, a criminal defendant may file a Missouri Supreme Court Rule 24.035 motion in the trial court to challenge, among other things, the constitutionality of his sentence and conviction including claims that counsel provided ineffective assistance of counsel.  See also  R.S.Mo. § 532.010 ("Every person committed, detained, confined or restrained of his liberty, within this state, for any criminal or supposed criminal matter, or under any pretense whatsoever, except when, according to the provisions of this chapter, such person can be neither discharged nor bailed, or otherwise relieved, may prosecute a writ of habeas corpus as herein provided, to inquire into the cause of such confinement or restraint.").  Thereafter, he may appeal any decision of the trial court to the Missouri Court of Appeals and the Missouri Supreme Court as stated above.  Once he has exhausted this procedure, Petitioner may seek relief from this court.

---

[2] Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729-730 (1991).

Petitioner has not exhausted the above state court remedies.  Accordingly, the petition must be dismissed without prejudice.  Once Petitioner has exhausted his state court remedies, he may refile his petition for a writ of habeas corpus in this court.

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of ReKwame Shevell Wagner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice**.  The Clerk of Court is DIRECTED to close this case.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of January, 2023.